HELTON, Appellee,

v.

HELTON, Appellant.

[Cite as *Helton v. Helton* (1994), 102 Ohio App.3d 733.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–920803.

Decided Jan. 12, 1994.

734

*Crystal S. Helton,* pro se.

*Simon Groner,* for appellant.

MARIANNA BROWN BETTMAN, Judge.

This appeal arises out of a divorce case.[1] Randy T. Helton (the "appellant") was unrepresented at the time of his divorce from Crystal S. Helton (the "appellee") in 1989. The decree of divorce ordered the appellant to pay $86 per week plus poundage as support for his two children. The record reflects that at the time of the divorce, the appellant was earning $11,233 per year working seasonally for a pool cleaning company. The appellee earned slightly more. A wage deduction order issued. The appellant became unemployed in October 1990, but failed to so advise the court. The appellant paid no child support during the period of unemployment. A child-support arrearage began to accrue. At one point the appellant was briefly incarcerated for contempt of court for failure to pay child support.

During the period of his unemployment, the duration of which is disputed, the appellant resumed living with the appellee for approximately one year. During that time he provided day care for their two children, and two other children of the appellee's from a previous marriage. The appellee normally had to pay $75 per week for day care; however, while the appellant lived with her following their divorce, she was relieved of that expense. The appellant also made other payments directly to the appellee. He received receipts for $400 of those payments.

In March 1992, the appellant, through counsel, filed a motion to modify child support and for relief from contempt. A hearing was held before a referee. Using the mandatory child-support tables, the referee reduced the appellant's support obligation to $43 a week for both children and recommended that the arrearage be paid off at the rate of $65 per month. The referee declined to recommend reduction of the arrearage by a credit for the amount of day care the appellant provided. The referee recommended that the appellant be given a one-time credit for the $400 in direct support for which he had receipts. He declined to recommend that the appellant's contempt be purged. The appellant timely filed objections to the referee's report. The trial court affirmed the recommendations of the referee in all respects. This appeal followed.

In his first assignment of error, the appellant argues that the court's refusal to give him credit for the value of the child-care services he provided is against the manifest weight of the evidence. The appellant further argues that the evidence supporting this factual finding was undisputed.

---

1. We have *sua sponte* removed this case from the accelerated calendar.

 Because of the many times this question arises, we feel obliged to point out certain poorly followed rules governing referees' reports and the way in which they are properly challenged. The manner in which the trial court is obliged to evaluate objections to a referee's report differs, depending on whether the objections are to the findings of fact or the conclusions of law. Both, of course, are only recommendations until acted upon by the court itself. Civ.R. 53(E)(6) governs factual findings only. It clearly states that a party objecting to findings of fact in a referee's report[2] must submit a transcript of the pertinent parts of the referee's hearing or an affidavit about the evidence if no transcript is available. See *Pappenhagen v. Payne* (1988), 48 Ohio App.3d 176, 549 N.E.2d 208. If this is not done, the rule provides that the court may adopt the referee's factual findings without further consideration. See *Purpura v. Purpura* (1986), 33 Ohio App.3d 237, 239, 515 N.E.2d 27, 29.

Consistent with Civ.R. 53, Loc.R. 8.6 of the Hamilton County Court of Domestic Relations governs objections to referees' reports. It reads in pertinent part as follows:

"If a party filing an objection to a report of referee intends to urge at the hearing on such objections that a finding or a recommendation is unsupported by the evidence or is contrary to the weight of the evidence, that party shall cause to be submitted to the Court a typed transcript of all evidence relevant to such findings or recommendations."

This local domestic relations rule is also consistent with App.R. 9(A), from which family law is not exempt, and which reads in pertinent part as follows:

"If appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."

 We believe that in order to harmonize Loc.R. 8.6 of the Hamilton County Court of Domestic Relations fully with the requirements of appellate review set forth in App.R. 9(A), we need to define the clause "submitted to the Court" in the local rule. In order for the appellate court to determine whether a domestic relations judge properly adopted a finding or recommendation of a referee, the pertinent parts of the typed transcript of the referee's hearing must properly be of record, which means either filed before the hearing on objections to the court, or offered as an exhibit at the hearing on objections. If counsel chooses to offer the pertinent parts of the transcript as an exhibit at the objections hearing, then

---

**2.** We deal in this analysis only with those cases where the report of the referee is properly objected to. We do not address referee's reports to which no objection is made.

there must be some record evidencing its submission, such as a transcript of the objections hearing or acceptable equivalent which will show that the transcript of the referee's hearing was presented to the court before the court made its decision. We emphasize the necessity of the pertinent parts of the transcript of the referee's hearing being presented to the trial court before the court rules on the objections. We thus hold that under Loc.R. 8.6 of the Hamilton County Court of Domestic Relations, "submitted to the Court" shall mean filed before the objections hearing or offered as an exhibit at the objections hearing.[3]

■ Civ.R. 53(E)(5) governs errors of law and differs from the rule on findings of fact in that the court must review the referee's report for errors of law regardless of whether any party objects thereto. However, because so many issues of family law involve the application of law to specific facts, the prudent practitioner seeking review of a referee's proposed conclusions of law should still provide the trial court with pertinent parts of the transcript of the referee's hearing or proper substitute therefor. We note in this regard that the local domestic relations rule quoted above requires that a party objecting to a referee's finding *or recommendation* submit a transcript of the evidence relevant thereto.

■ We go to these lengths because of the frequency with which we are beset with the problem before us in the instant case—error is assigned to the adoption of a referee's report without a transcript of the pertinent part of the proceedings provided to the trial court. We hold that if the claimed error on appeal is that the adoption of the referee's findings of fact is against the weight of the evidence or insufficient to support the conclusions of law, in the absence of a transcript or an appropriate substitute therefor the trial court's factual findings, as adopted from the referee's report, will be affirmed on the grounds that the record does not support the claimed error. As stated in *Metzger v. Metzger* (Aug. 21, 1989), Crawford App. No. 3–87–39, unreported, 1989 WL 94813, "When portions of the record necessary for the determination of an assigned error are absent, the reviewing court has nothing to pass on and has no choice but to presume the validity of the trial court's proceedings." See, also, *Ostrander v. Parker–Fallis Insulation Co.* (1972), 29 Ohio St.2d 72, 74, 58 O.O.2d 117, 119, 278 N.E.2d 363, 365; *Muething v. Muething* (Sept. 23, 1987), Hamilton App. Nos. C–860747 and C–870177, unreported, 1987 WL 17266.

Our holding is, in this regard, entirely consistent with this court's decision in *Enneking v. Enneking* (Feb. 17, 1988), Hamilton App. No. C–870226, unreported, 1988 WL 17136. In *Enneking,* we held that without a transcript of a hearing

---

3. If there is no hearing on the objections, the transcript still needs to be filed before the ruling is made by the court.

before the referee or the judge, we have no basis on which to review the record for an abuse of discretion.

Applying these principles to the first assignment of error in the case before us, we overrule the assignment of error on the grounds that the record does not sustain the error asserted by the appellant. Although the appellant argues in his brief that there was an "undisputed finding of fact that pursuant to the agreement of the parties husband provided child care in lieu of child support obligations," the referee's report actually states that "[d]espite the fact that Husband continued to reside with Wife and the children during his unemployment and despite the fact that he paid no rent and made only minimal contributions to the household expenses, Husband believed the day care services which he provided were in lieu of his child support payments." Furthermore, we do not know whether the appellee agreed or not, or what her testimony was on the subject, although we know from the referee's report that she was present and did testify. Finally, as noted previously, the duration of the appellant's unemployment is disputed. We mention these details only to emphasize the necessity of a transcript of the proceedings for meaningful review of the weight of the evidence.

In his second assignment of error, the appellant argues that the trial court abused its discretion by imposing an inequitably onerous child-support obligation upon him. We note here that the record does properly contain child-support computation worksheets and affidavits of income, expenses, and financial disclosure for our review. In his report the referee recommended that the appellant's child support be reduced, but also recommended that the appellant pay off his arrearage in installments added on top of the reduced child-support obligation. The trial court adopted these recommendations. The appellant argues that adding an obligation to make installment payments on his arrearage on top of his now reduced child-support payments puts him back in exactly the same crushing financial bind that caused the arrearage to build up and him to be incarcerated for contempt of court for failure to pay child support, thus virtually guaranteeing his continued contempt. The appellant lists a variety of ways in which the court could have handled the arrearage in a way less financially oppressive to him. While some of these suggestions have some attraction in light of the claimed economic realities of the appellant based on the child-support computation worksheets and affidavits of income, expenses and financial disclosure which are properly part of this record, it does no good to suggest them for the first time to the court of appeals. Motions never made or ruled on in the trial court are not properly before this court. See *Manes v. Espy* (Oct. 31, 1979), Hamilton App. No. C–77724, unreported, citing *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 70 O.O.2d 123, 322 N.E.2d 629. The standard of review in child-support matters is one of an abuse of discretion. See *Booth v. Booth*

(1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030. Given the record before us, we hold that the trial court was clearly within its discretion in adopting the recommendations of the referee on the coupling of the child-support and arrearage payments.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., and SHANNON, J., concur.