Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
Appellant Lesley Wooldridge appeals from the judgment of the Hamilton County Juvenile Court awarding permanent custody of her four children, Steven, Victor, Robert, and Dustin to the Hamilton County Department of Human Services (HCDHS).
In September 1995, in response to HCDHS's motion for an interim order of temporary custody, the trial court adjudicated Steven, Victor, Robert, and Dustin dependent and granted temporary custody to HCDHS. On March 11, 1996, the trial court remanded custody of the children to Wooldridge and granted protective supervision to HCDHS. Then, in April 1996, HCDHS again filed a motion seeking an interim order of temporary custody. In June 1996, based on the parties' stipulations, the trial court adjudicated the children dependent and, after a subsequent hearing, granted temporary custody of the children to HCDHS. In January 1997, HCDHS moved to extend its temporary custody of the children. Subsequently, the agency moved to modify the request to one for permanent custody of the children.
On February 4, 1998, after holding hearings on the motion for permanent custody, a magistrate of the juvenile court issued her report recommending that HCDHS's temporary custody be terminated and that custody be remanded to Wooldridge. Both HCDHS and the guardian ad litem filed objections to the magistrate's report, asserting that her recommendation was against the weight of the evidence. They did not, however, provide the trial court with the transcripts from the hearings on the motion for permanent custody. Thereafter, the trial court heard arguments on the objections and, by entry of May 29, 1998, rejected the magistrate's recommendation and granted permanent custody of the children to HCDHS. Wooldridge appeals from this judgment and brings one assignment of error.
In Wooldridge's sole assignment of error, she asserts that the trial court erred in rejecting the magistrate's report and in entering an order of permanent commitment to HCDHS. In support of this assignment, she contends that the trial court could not properly sustain HCDHS and the guardian ad litem's objections, which were based on the manifest weight of the evidence, and reject the magistrate's recommendation without having reviewed the transcripts of the hearings on the motion for permanent custody. We agree.
Although a trial court is obligated to review a magistrate's legal conclusions regardless of whether a party objects to the conclusions and regardless of whether the party provides a transcript for the trial court's review, the same is not true with regard to a trial court's duty to review a magistrate's factual findings.[1] Where no objections are made to a magistrate's findings of fact or where a party objecting to a magistrate's factual finding fails to provide a transcript in support of its objection, the trial court may adopt the magistrate's factual findings without further consideration.[2] This reflects a policy of affording deference to factual determinations made by a magistrate who, by virtue of his or her firsthand viewing of witnesses and testimony, is in a superior position to determine matters affected by weight and credibility. In our view, the trial court in the instant case failed to afford the required deference to the magistrate's factual determinations, particularly in view of the context in which the court was asked to review her report.
Here, HCDHS and the guardian ad litem objected to the magistrate's recommendation concerning permanent custody, asserting that it was against the weight of the evidence, but they failed to provide evidentiary transcripts for the trial court's review. With only the magistrate's report and the parties' arguments to assist it in its review, the trial court rejected the magistrate's recommendation after reweighing what it apparently took to be the evidence presented to the magistrate and disagreeing with certain factual findings made by the magistrate.
Although we do not question a trial court's general authority to disagree with a magistrate's factual conclusions, we hold that it was inappropriate to do so in this case without a review of the transcripts of the hearings on the motion for permanent custody. In the absence of that review, the trial court lacked a sufficient basis to disregard the magistrate's factual determinations and to render its own. For this reason, we sustain Wooldridge's assignment of error, reverse the trial court's judgment, and remand this cause for further proceedings consistent with this decision. Specifically, the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter itself.[3] In the event that the trial court chooses to reject or modify the magistrate's decision, it must first conduct a review of the pertinent transcripts before rendering its judgment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] See Civ.R. 53(E)(3) and Juv.R.40 (E)(3).
[2] See Civ.R. 53 (E)(3)(b) and Juv.R. 40(E)(3)(b); Helton v.Helton (1994), 102 Ohio App.3d 733, 658 N.E.2d 1.
[3] See Juv. R. 40(E)(3)(b).