OPINION
Appellant, Herbert Allen, appeals from the judgment of the Lake County Court of Common Pleas, Probate Division, which approved the final account submitted by appellee, Richard Spotz, Jr., and removed appellant as executor of the estate of Walter E. Allen.
In 1991, appellant was granted power of attorney for his brother, Walter Allen, in order to assist Walter with the management of his personal affairs. In 1993, members of Walter's family became concerned about appellant's ability to take care of Walter's affairs. On April 23, 1993, appellee was appointed to serve as guardian for Walter pursuant to letters of guardianship issued by the Lake County Court of Common Pleas, Probate Division. During the course of the guardianship, appellee discovered that two insurance polices issued to Walter had been surrendered for their cash value of $16,503.61. When appellee learned that appellant had cashed in the policies and taken the money for himself, appellee notified the Lake County Prosecutor's Office.
Appellant was subsequently indicted by the Lake County Grand Jury for grand theft. In exchange for the dismissal of the charges, appellant entered into a restitution agreement with the prosecutor's office on April 24, 1997. Appellant made payments totaling $4,132.65, but he stopped making payments in July 1997, just prior to Walter Allen's death.
Appellee prepared a final account of Walter's guardianship assets, which he filed with the probate court on December 4, 1997. The final account showed that appellant owed the guardianship $12,397.96. On December 16, 1997, appellant filed an exception to the final account, in which he argued that he should not have to return any of the insurance proceeds because Walter had agreed to pay him for care rendered to Walter by allowing him to cash in the insurance policies.
On April 1, 1998, a hearing on appellant's motion was held before a magistrate. At the hearing, appellant presented an agreement purportedly signed by Walter Allen that set forth that appellant was to cash in the two insurance policies as payment for his care of Walter. On November 27, 1998, the magistrate filed his report, in which he recommended that appellant's exceptions to the guardian's final account be dismissed and that appellant be removed as executor of Walter's estate. In his report, the magistrate specifically found that "the purported agreement between Walter and Herbert Allen is a fraud. The evidence reveals that this purported agreement was manufactured by Herbert Allen."
Appellant filed objections to the magistrate's decision, alleging, in part, that:
 "(1) The Recommendations of the Magistrate are against the manifest weight of the evidence.
 "(2) The Magistrate based his Report upon facts not in evidence, e.g. fraud and forgery.
* * *
 "(4) The Magistrate stepped outside the scope of the matter before him (that of Exceptions to the Final Account of the Guardian), by making the Recommendations to remove the herein Objector as Executor of the Estate of Walter E. Allen, Deceased.
* * *
 "(7) The Magistrate erred in rejecting the validity of the contract between the Objector and Walter Allen as no evidence of fraud or improper influence was adduced."
On October 9, 1998, appellee filed a motion to adopt the magistrate's decision, arguing that appellant's objections were not timely filed because they were not supported by a transcript. On November 9, 1998, the trial court granted appellee's motion to adopt the magistrate's decision and did not specifically address any of appellant's objections before it approved the guardian's final account and removed appellant as the executor of Walter Allen's estate. From this judgment, appellant assigns the following errors:
 "[1.] The trial court erred to the prejudice of appellant when it adopted the magistrate's report as its order.
 "[2.] The trial court erred to the prejudice of appellant when it removed him as executor without notice or hearing.
 "[3.] The trial court erred to the prejudice of appellant when it adopted a magistrate's report which was contrary to the weight of the evidence."
In his first assignment of error, appellant contends that the trial court adopted the magistrate's decision without considering his objections because it erroneously concluded that his objections were not supported by a transcript of the hearing before the magistrate. Appellant asserts that a transcript of the hearing before the magistrate does not need to be filed simultaneously with the objections to comply with the mandates of Civ.R. 53(E)(3)(b), which provides:
 "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
In the instant case, the magistrate filed his decision on April 27, 1998. Appellant filed his objections on May 8, 1998 and specifically stated that a transcript of the hearing before the magistrate had been ordered and that it would be filed with the trial court. On May 28, 1998, the transcript of the hearing was filed. On October 9, 1998, appellee filed a motion to adopt the magistrate's decision, arguing that appellant's objections were not timely filed because they were not supported by a transcript. On November 9, 1998, the trial court granted appellee's motion to adopt the magistrate's decision and did not specifically address any of appellant's objections before it approved the guardian's final account and removed appellant as the executor of Walter Allen's estate.
If a party fails to file a transcript of the hearing before the magistrate, the trial court may adopt the magistrate's findings of fact without further consideration, see Purpura v.Purpura (1986), 33 Ohio App.3d 237, 239, 575 N.E.2d 27; however, Civ.R. 53(E)(3)(b) does not require that a transcript be filed simultaneously with the objections. A party must file his objections within fourteen days of filing of the magistrate's decision. Civ.R. 53(E)(3)(a). If a party were required to file the transcript at the same time as the objections, his time for filing objections could easily pass while he was waiting for the court reporter to prepare the transcript.
In Helton v. Helton (1994), 102 Ohio App.3d 733, 658 N.E.2d 1, the First District Court of Appeals discussed when a transcript of a magistrate's hearing must be filed by a party objecting to a magistrate's finding of fact. The court stated:
 "In order for the appellate court to determine whether a * * * judge properly adopted a finding or recommendation of a referee, the pertinent parts of the typed transcript of the referee's hearing must properly be of record, which means either filed before the hearing on objections to the court, or offered as an exhibit at the hearing on objections. * * * We emphasize the necessity of the pertinent parts of the transcript of the referee's hearing being presented to the trial court before the court rules on the objections. * * *" [Emphasis in original]. Id. at 736-737.
The court noted that the transcript needs to be filed before the trial court rules on the objections even if no hearing on the objections is held. Id. at 737.
The trial court erred by adopting the magistrate's decision without ruling on appellant's objections. Appellant satisfied the requirement of Civ.R. 53(E)(3)(b) by filing the transcript of the magistrate's hearing on May 28, 1998. Appellant's first assignment of error has merit.
In his second assignment of error, appellant alleges that the trial court erred by removing him as executor without notice or hearing. Appellant contends that he had no notice that the court intended to remove him as executor and was not afforded a hearing on that issue because the hearing conducted before the magistrate only pertained to the guardianship. R.C. 2109.24 governs the removal of a fiduciary, including an executor and provides, in part:
 "The court may remove any such fiduciary, after giving such fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."
R.C. 2113.18 specifically applies to the removal of an executor and provides, in part:
 "(A) The probate court may remove any executor or adminstrator if there are unsettled claims existing between him and the estate, which the court thinks may be the subject of controversy or litigation between him and the estate or persons interested therein."
Regardless of whether the probate court removed appellant as executor under R.C. 2109.24 or R.C. 2113.18, appellant was entitled to ten days' notice before the probate court was permitted to remove him as executor. Although R.C. 2113.18 does not state that an executor is entitled to notice before his removal, R.C. 2109.24
and R.C. 2113.18 must be read in pari materia; a removal due to unsettled claims existing between the executor and the estate constitues a removal for "any other cause authorized by law" pursuant to R.C. 2109.24. In Burden v. DePugh (March 31, 1995), Miami App. No. 94 CA 43, unreported, the Second District Court of Appeals held that R.C.2109.24 also implicitly contemplates a hearing. In the instant case, the trial court did not give appellant any notice of his impending removal as executor of Walter Allen's estate nor did it conduct a hearing to determine whether he ought to be removed; the hearing held before the magistrate only pertained to the accuracy of the final account of the guardianship prepared by appellee. Appellant's second assignment of error has merit.
In his third assignment of error, appellant alleges that the trial court erred by adopting a magistrate's decision that was contrary to the weight of the evidence. Because the trial court erred by not considering appellant's objections to the magistrate's decision, we cannot review whether the trial court properly accepted the magistrate's factual findings until the trial court reviews them; therefore, our disposition of appellant's first assignment of error renders his third assignment of error moot.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Probate Division, is reversed, and the case is remanded to the probate court for further proceedings consistent with this opinion.
 _____________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.