DECISION
Appellant Bonita Elliott-Primous appeals from the judgment of the Hamilton County Juvenile Court awarding permanent custody of her three children, Deniko, Maryia, and Beryle, to the Hamilton County Department of Human Services (HCDHS).
In May 1995, Elliott-Primous's three minor children were placed in the temporary custody of HCDHS while she received treatment for substance abuse. Custody of the children was returned to her in March 1997, subject to HCDHS's protective supervision. In April 1998, HCDHS again sought temporary custody of the three children when it filed a complaint alleging that they were abused, neglected, and dependent. HCDHS subsequently amended its complaint to seek permanent custody of the children.
After a three-day hearing, a magistrate of the juvenile court issued a decision recommending that HCDHS be granted permanent custody of the children. Elliott-Primous filed objections to the magistrate's decision, challenging several of her factual findings. In addition, Elliott-Primous engaged a court reporter to prepare a complete transcript of the hearing on the motion for permanent custody. Unbeknownst to her, however, the court reporter transcribed and filed only the testimony from the first of the three days, apparently due to the fact that the magistrate's decision failed to identify the tape-recording numbers for the remaining two days. After holding its own hearing, the trial court overruled Elliott-Primous's objections and affirmed the magistrate's decision, thereby granting permanent custody of Deniko, Maryia, and Beryle to HCDHS.
In this timely appeal of the trial court's judgment, Elliott-Primous raises four assignments of error. Because we conclude that none of them is well taken, we affirm.
In her first assignment of error, Elliott-Primous asserts that the trial court erred in affirming the decision of the magistrate over her objections, when it had not reviewed a complete transcript of the hearing on the motion for permanent custody. She contends that, given the nature of her objections, the trial court could not have properly ruled on them in the absence of a review of the entire transcript.
Where a party raises objections to a magistrate's factual findings and provides a transcript of all the relevant evidence submitted to the magistrate, the trial court is obligated to review the transcript and to rule on the objections before adopting the magistrate's factual findings. But where no objections are raised or where objections are raised but the objecting party fails to supply an appropriate transcript to support them, the trial court may proceed to adopt the magistrate's factual determinations without considering the objections.[1]
Here, despite the fact that a complete transcript was required to support Elliot-Primous's objections, only a partial transcript was filed. Elliot-Primous contends that the failure to provide the full transcript should be attributed to the magistrate rather than to her given that she requested that a complete transcript be prepared and filed, and given that it was the magistrate's clerical error that caused the court reporter to transcribe only one-third of the recorded testimony. We cannot agree.
As the objecting party, Elliot-Primous had the duty, not the magistrate, to see that a transcript appropriate for review of her objections was filed. Had she reviewed the transcript that was actually filed, she could have detected and rectified the unfortunate error. Because she failed to satisfy her duty, the trial court committed no error in overruling her objections and in affirming the magistrate's factual determinations. Accordingly, we overrule the first assignment.
In her second assignment of error, Elliott-Primous asserts that the magistrate erred to her prejudice in failing to list the appropriate tape-recording numbers on her decision. This assignment lacks merit.
As we have already noted, Elliott-Primous had an affirmative duty to provide an appropriate transcript in support of her objections. The magistrate's inadvertent clerical error did not serve to excuse her performance of that duty.
In her fourth assignment of error, Elliott-Primous asserts that the trial court erred in adopting the magistrate's decision, when it was against the weight of the evidence. An effective review of this assignment requires the entire transcript of the proceedings before the magistrate on the motion for permanent custody. Because a complete transcript of those proceedings was not filed in the trial court, it is not part of the record on appeal. And although Elliott-Primous has had the remaining two-thirds of the testimony from those proceedings transcribed and filed for appeal, we are prohibited from considering the supplementation given that it was not part of the record before the trial court.[2] Accordingly, the fourth assignment of error is without merit.
In her third assignment of error, Elliott-Primous takes issue with the trial court's acceptance of HCDHS's case plan. We must reject this assignment, however, because the portions of the record upon which her argument depends are not properly before us for the reasons that we have previously discussed.
The judgment of the trial court is affirmed.
 ________________________ Per Curiam.
 Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] See Civ.R. 53(E)(3)(b) and Juv.R. 40(E)(3)(b); Helton v.Helton (1994), 102 Ohio App.3d 733, 658 N.E.2d 1; In re Wooldridge
(Aug. 27, 1999), Hamilton App. No. C-980545, unreported (noting distinction in trial court's responsibility to review legal and factual determinations made by magistrate).
[2] See State v. Ishmail (1978), 54 Ohio St.2d 402,377 N.E.2d 500.