[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R.11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Jackie Harrison appeals from the trial court's order imposing a child-support obligation on him for his son, Tevin Harrison.[1] Harrison's appointed appellate counsel has filed a brief pursuant to Anders v. California,[2] advising this court that, after a thorough review of the record, he can find no error for appeal.[3]
Appellate counsel has filed a motion to withdraw pursuant to Anders. In that motion, appellate counsel states that he has advised Harrison that he has not found any prejudicial errors, and he asks us to review the record independently.
The procedure identified in Anders for submitting a no-error brief applies only to criminal appeals by "court-appointed appellate counsel [in] a first appeal from a criminal conviction."[4] Where ordinarily an appellant must assign some error from the proceedings below to properly prosecute an appeal,[5] Anders permits court-appointed counsel, in an arguably frivolous appeal, to submit a brief without assigning any error.[6]
The Anders procedure is inapposite in civil appeals, such as the one before this court. We, therefore, recast the brief submitted by Harrison's appointed counsel and determine whether there is any merit in the argument that the trial court erred in adopting the magistrate's decision, which imputed income to him based on its finding that he was voluntarily unemployed.
Whether a parent is voluntarily unemployed and whether income must be imputed to that parent are factual determinations for the trial court.[7]
Unfortunately we are unable to reach the merits of these issues because the analysis requires a review of the testimony at the magistrate's hearing.
Where a party raises objections to a magistrate's factual findings and provides a transcript of all the relevant evidence submitted to the magistrate, the trial court is obligated to review the transcript and to rule on the objections before adopting the magistrate's findings. But where objections are raised and the objecting party fails to provide a transcript to support them, the trial court may adopt the magistrate's findings without further consideration.[8]
Harrison filed objections to the magistrate's decision establishing his support obligation in April 2000. On June 30, 2000, the trial court ordered him to obtain a transcript of the magistrate's hearing on support. On August 18, 2000, the trial court denied Harrison's objections and approved the magistrate's decision, because Harrison had failed to provide it with a transcript of the magistrate's hearing and had failed to appear at the hearing on his objections.
Even though Harrison has provided this court with a transcript of the magistrate's hearing on the child-support determination, we are precluded from considering any portion of that transcript, since it was not provided to the trial court during earlier proceedings in this matter.[9]
We are required instead to conclude that the trial court acted properly unless Harrison can demonstrate otherwise in the record of what was allegedly before that court. Because Harrison disputes only the factual determinations made by the magistrate and does not point out any error of law, we cannot say that the trial court erred in overruling his objections and in adopting the magistrate's determinations. The judgment of the trial court is, therefore, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Although Harrison's notice of appeal does not specify whether he is appealing from a child-support order or a custody order, the record reflects that, as of the date of Harrison's appeal, the trial court had resolved only the support issue.
[2] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[3] We note that in Smith v. Robbins, (2000), 528 U.S. 259,120 S.Ct. 746, the United States Supreme Court held that the Anders procedure is only one method that states may use to satisfy the constitutional requirements for indigent criminal appeals; however, as of this writing, the Anders procedure is still followed in Ohio. See State v. Lachner
(Feb. 25, 2000), Sandusky App. No. S-98-049, unreported.
[4] State v. Hall (October 10, 1997) Hamilton App. No. C-960772, unreported, quoting Anders, 386 U.S. at 739, 87 S.Ct. at 1397.
[5] App.R. 12(A)(1)(b) and 16(A)(3).
[6] Id. at 744, 87 S.Ct. at 1400.
[7] See Rock v. Cabral (1993), 67 Ohio St.3d 108, 112, 618 N.E.2d 218,222.
[8] In re Wooldridge (Aug. 27, 1999), Hamilton App. No. C-980545, unreported, citing Civ.R. 53(E)(3)(b) and Juv.R. 40(E)(3)(b); Helton v.Helton (1994), 102 Ohio App.3d 733, 658 N.E.2d 1.
[9] See In re Dengg (1999), 132 Ohio App.3d 360, 362,724 N.E.2d 1255, 1257.