[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The natural mother of the children is Linda Myers, now Welch, and Otis Myers is the father. Throughout the record, names of several of the children differ in spelling. On January 10, 2002, all names were finalized as those appearing in the case caption.
 JUDGMENT ENTRY
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Linda Myers appeals from the January 10, 2002, judgment of the Hamilton County Juvenile Court adopting the magistrate's decisions of June 8, 2001, and June 22, 2001, that awarded permanent custody of five of her ten children to Hamilton County Job and Family Services[2]
("HCJFS"). She raises two assignments of error: (1) that she was prejudiced by the juvenile court's failure to make a complete record, and (2) that this failure violated her state and federal constitutional rights.
All but one of the children in this case were first adjudicated as dependent and neglected on May 18, 1995,[3] with temporary custody given to HCJFS. The children were in various placements, but were eventually returned to Linda and Otis Myers, subject to HCJFS's protective supervision. Subsequently, on January 28, 1999, HCJFS was granted another dispositional order of temporary custody. On September 7, 1999, HCJFS filed its motion asking that the order of temporary custody be modified to one of permanent custody. On February 9, 2000, trial was scheduled to commence, but the parties agreed to mediation. When that failed, trial commenced on May 5, 2000, and, for reasons not entirely clear from the record, evidence was presented at six hearings held over a period of months. Linda Myers's counsel remained unchanged throughout the trial. During June 2001, the magistrate issued her decision and findings on different days.
On June 8, 2001, the magistrate granted HCJFS's motion for permanent custody. On June 21, 2001, counsel for Linda Myers objected to that decision and asked permission to file a brief after issuance of the magistrate's complete findings and after the receipt of a transcript. On June 22, 2001, the magistrate issued extensive findings to support the award of permanent custody to HCJFS. On August 16, 2001, the juvenile court permitted Linda Myers's counsel to withdraw. On November 19, 2001, Linda Myers was to acquire a public defender, who was to be given a transcript of the proceedings, and who was to be prepared for oral argument on December 20, 2001. On December 20, 2001, the juvenile court was advised of a transcript problem involving blank tapes for two days of the trial when apparently only HCJFS witnesses testified. The matter was reset for December 27, 2001, at which time oral argument was conducted. In an entry dated January 3, 2002, the juvenile court agreed with HCJFS's argument that a decision could be made on the existing transcript. On January 10, 2002, the juvenile court adopted the magistrate's decision and ordered permanent commitment of the five Myers children to HCJFS.
Juv.R. 37(A) requires that the juvenile court "[s]hall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates." But Juv.R. 40(E)(3)(b) states, in part, that any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available.[4] Myers argues that the lack of a complete transcript prevented her from being able to substantiate her objections.
When a party raises objections to a magistrate's factual findings and provides a transcript of all the relevant evidence submitted to the magistrate, the trial court is obligated to review the transcript and to rule on the objections before adopting the magistrate's factual findings.[5] But where no objections are raised, or where objections are raised but the objecting party fails to supply an appropriate transcript to support them, the trial court may proceed to adopt the magistrate's factual determinations without considering the objections.[6] This reflects a policy of affording deference to factual determinations made by the one who has viewed the witnesses, and heard the testimony, and who has thereby enjoyed a superior position to determine the weight and credibility of the evidence.[7] The extensive record below and the findings of the magistrate suggest that the Juv.R. 40(E)(3)(b) affidavit alternative could have addressed the transcript issue, but the record also shows that it was not utilized. As the objecting party, Linda Myers had an affirmative duty to ensure that a transcript appropriate for review of her objections was filed.[8]
Because she did not satisfy that duty, any asserted defects in the record must be attributed to her alone, and not to an error by the court. Accordingly, the assignments of error are not well taken.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.
[2] Also referred to in the record as the Hamilton County Department of Jobs and Family Services and the Hamilton County Department of Human Services.
[3] An earlier complaint alleging abuse and dependency had been filed on July 25, 1990, but was dismissed on November 15, 1990, for failure to prove the allegations.
[4] See, also, App.R. 9(B), which imposes a similar duty in proceedings before an appellate court.
[5] See In re Martin (Aug. 11, 2000), Hamilton App. No. C-990517, unreported.
[6] See Civ.R. 53(E)(3)(b) and Juv.R. 40(E)(3)(b); Helton v. Helton
(1994), 102 Ohio App.3d 733, 658 N.E.2d 1; In re Wooldridge (Aug. 27, 1999), Hamilton App. No. C-980545, unreported (noting distinction in trial court's responsibility to review legal and factual determinations made by magistrate); In re Martin (Aug. 11, 2000), Hamilton App. No. C-990517, unreported.
[7] See In re Wooldridge, supra.
[8] See In re Martin, supra.