OPINION
{¶ 1} Defendant-appellant, Kelly Smith, appeals the decision of the Butler County Juvenile Court addressing parenting, child support, and visitation issues regarding two minor children of appellant and plaintiff-appellee, Kenneth Estes. We reverse in part and affirm in part the juvenile court's decision.
 {¶ 2} Appellant and appellee are the parents of two minor children, Kellana Estes, born March 11, 1995, and Kirian Estes, born September 6, 1998. Although never married, appellant and appellee lived together for a period of time ending in May 1996 when appellee moved out of appellant's home. At that time, the parties reached an informal agreement under which appellee would pay child support to appellant for Kellana. According to both parties, appellee met his child support obligation under that agreement until Kirian's birth in September 1998. The parties dispute whether appellee paid sufficient child support for the two children after Kirian's birth. A shared parenting plan was filed in the juvenile court with regard to Kellana in February 1997.
 {¶ 3} In September 2000, appellant filed a motion in Butler County Juvenile Court, asking the court for sole custody of the children and a child support order. In November 2000, the court referred the parties to a mediation program administered by the domestic relations court. The parties eventually reached a mediation agreement, which established a visitation schedule and set appellee's child support obligation at $25 per week for each child.
 {¶ 4} On January 11, 2001, a Butler County Juvenile Court magistrate issued an agreed order, setting child support at $25 per week for each child in accordance with the mediation agreement. No child support computation worksheet was included with the magistrate's January 11, 2001 order. The order also set an April 2001 hearing date to determine whether appellee owed child support for any period of time prior to January 11, 2001.
 {¶ 5} Additionally, appellee had filed a parentage complaint in the juvenile court, asking the court to formally recognize his parentage of Kirian. With respect to Kirian, appellee also asked the court to grant him shared parenting and visitation, and to establish a fair amount for his child support payment. In an order also issued on January 11, 2001, the magistrate stated that appellee was the biological parent of Kirian, and reserved all other issues for the April 2001 hearing.
 {¶ 6} The magistrate held a hearing on April 10, 2001 and June 12, 2001. Appellant, appellee, appellee's mother, and appellee's wife testified at the hearing. On June 12, 2001, the magistrate issued an order stating that the parties agreed in the January 11, 2001 order to appellee paying child support in the amount of $25 per week for each child. Again, no child support computation worksheet was included with the order. The magistrate found that no arrearage existed. The magistrate ordered that appellee be granted visitation with Kirian as set forth in the parties' shared parenting agreement regarding Kellana. The magistrate also ordered appellee to "make appropriate sleeping accommodations" at his home for the children, and ordered the parties to equally share in the visitation transportation.
 {¶ 7} Appellant filed objections to the magistrate's June 12, 2001 decision. Though appellant did not provide the juvenile court with a transcript of the proceedings before the magistrate, the juvenile court considered appellant's objections and overruled them. The juvenile court subsequently adopted the magistrate's June 12, 2001 order. Appellant now appeals, raising four assignments of error.
Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT FAILED TO CALCULATE SUPPORT PURSUANT TO THE GUIDELINES."
 {¶ 9} In this assignment of error, appellant argues that the trial court erred by failing to complete a child support computation worksheet pursuant to the guidelines in the Ohio Revised Code. According to appellant, we should remand this case to the juvenile court for a calculation of appellee's current child support obligation in accordance with the statutory guidelines.
 {¶ 10} Our standard of review in child support cases is abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
 {¶ 11} The Ohio Supreme Court has held that "a child support computation worksheet required to be used by a trial court in calculating the amount of an obligor's child support obligation in accordance with R.C. 3113.215 must actually be completed and made a part of the trial court's record." Marker v. Grimm (1992), 65 Ohio St.3d 139, 142. "Only in this fashion can appellate courts be assured that the literal requirements of R.C. 3113.215 have been followed, and that an order or modification of support is subject to meaningful appellate review." Id.
 {¶ 12} Appellee concedes that the juvenile court did not complete a child support computation worksheet. However, appellee argues that appellant has waived this issue on appeal because she did not provide a transcript to the juvenile court of the proceedings before the magistrate. Appellee also argues that appellant waived this issue because she failed to object to the magistrate's January 11, 2001 order, which set appellee's child support obligation at $25 per week for each child.
 {¶ 13} Juv.R. 40(E)(3)(b) provides in part:
 {¶ 14} "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 15} With respect to the filing of a transcript, Juv.R. 40(E)(3)(b) states that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available." The issue of whether a child support computation worksheet was completed and included in the record does not involve a finding of fact nor is it dependent on the resolution of any factual issues. The issue is purely a legal issue, the resolution of which does not require a review of the hearing transcript. Therefore, by failing to provide the juvenile court with a transcript, appellant did not waive the right to raise on appeal the issue regarding the child support computation worksheet.
 {¶ 16} We also find that appellant's failure to object to the magistrate's January 11, 2001 order did not constitute a waiver of the computation worksheet issue on appeal. Appellant did not violate Juv.R. 40(E)(3)(b) because she did not "assign as error on appeal the court'sadoption of any finding of fact or conclusion of law" that she failed to object to under the rule. Juv.R. 40(E)(3)(b). (Emphasis added.) The juvenile court never adopted the January 11, 2001 order. The order also did not indicate that it was a final appealable order, nor did it contain the juvenile court judge's signature. Appellant objected to the magistrate's June 12, 2001 order, which the juvenile court did adopt after overruling appellant's objections.
 {¶ 17} Appellant's second objection to the June 12, 2001 order reads as follows: "Defendant objects to the Decision of the Magistrate in that the Decision did not calculate and change the current amount of support even though that issue was before the Court and testimony was provided to assist in those calculations." Though appellant does not specifically mention the words "child support computation worksheet," we find that appellant's objection was sufficiently specific to preserve the issue for appeal.
 {¶ 18} Accordingly, we sustain appellant's first assignment of error, reverse the juvenile court's child support order, and remand this case to the juvenile court so that it can complete a child support computation worksheet and include it in the record. Upon remand, the trial court should calculate and award child support in accordance with R.C. 3113.215. Any deviation from the child support guidelines should be supported by findings of fact. R.C. 3113.215(B)(1) and (B)(2)(c).
Assignment of Error No. 2:
 {¶ 19} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY FAILING TO ORDER THE APPELLEE TO PAY SUPPORT FOR KIRIAN RETROACTIVE TO THE DATE OF BIRTH."
Assignment of Error No. 3:
 {¶ 20} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY FAILING TO EXPLAIN WHAT IT MEANT BY ITS ORDER THAT THE FATHER MAKE APPROPRIATE SLEEPING ARRANGMENTS FOR HIS CHILDREN."
Assignment of Error No. 4:
 {¶ 21} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY ORDERING HER TO SHARE IN THE TRANSPORTATION FOR THE VISITATION."
 {¶ 22} In appellant's second assignment of error, appellant argues that the juvenile court should have ordered appellee to pay child support retroactive to the date of Kirian's birth. According to appellant, the testimony at the magistrate's hearing showed that appellant had not paid sufficient child support for Kirian after her birth in September 1998.
 {¶ 23} In appellant's third assignment of error, she argues that the juvenile court abused its discretion by failing to explain the "appropriate sleeping arrangements" to be made by appellee for his daughters. According to appellant, there was testimony at the magistrate's hearing indicating that the sleeping accommodations at appellee's home were inappropriate. Appellant argues that the magistrate should have found that the sleeping arrangements were either appropriate or inappropriate, and then explained the specific adjustments required of appellee.
 {¶ 24} In appellant's fourth assignment of error, she argues that the juvenile court abused its discretion by ordering her to share in the visitation transportation. According to appellant, the testimony at the magistrate's hearing showed that she was unable to provide visitation transportation due to employment commitments.
 {¶ 25} It is undisputed that appellant failed to file a transcript of the magistrate's hearing with the juvenile court. Appellant did not request a transcript until she filed a notice of appeal with this court. It is well-established that an appellate court is precluded from considering any evidence not submitted to the trial court when reviewing a magistrate's decision adopted by the trial court. Schneider v.Schneider (Jan. 22, 2001), Butler App. No. CA2000-05-089, citing State exrel. Duncan v. Chippewa Twp. Trustees, 73 Ohio St.3d 728, 730,1995-Ohio-272. "A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." Id. at 730, quoting Statev. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
 {¶ 26} Accordingly, we cannot consider the transcript of the magistrate's proceeding because it was not before the juvenile court. Because the resolution of the issues in appellant's final three assignments of error necessarily involves a factual analysis of testimony at the magistrate's hearing, we have no basis to determine whether the juvenile court abused its discretion. By failing to file a transcript with the juvenile court in accordance with Juv.R. 40(E)(3)(b), appellant waived her right to raise these issues on appeal. Therefore, we overrule appellant's second, third, and fourth assignments of error because the record before us does not support the claimed errors. See Helton v.Helton (1994), 102 Ohio App.3d 733, 737.
 {¶ 27} Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
WALSH, P.J., and YOUNG, J., concur.