[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} In a single assignment of error, plaintiff-appellant John Klosterman contends that the Hamilton County Municipal Court erred in adopting the decision of the small-claims-court magistrate and entering judgment in favor of defendant-appellee David Kreusmann on Klosterman's claim for damage to his property. Klosterman asserts that the magistrate's decision was against the manifest weight of the evidence.
{¶ 3} The Rules of Appellate Procedure mandate that the appellant bears the burden of showing error by reference to matters in the record. See App.R. 9 and 10(A). App.R. 9(B) provides that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."
{¶ 4} In this appeal, there is no "transcript of all [the] evidence" that was before the trial court.[1] Although the civil docket statement filed by Klosterman in this court indicates that a complete transcript of the proceedings would be filed, it never was. When portions of the record necessary for resolution of an assigned error are omitted from the record, this court has no choice but to presume the validity of the lower court's proceedings and to affirm. See Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384; see, also,State ex rel. Montgomery v. R D Chem. Co. (1995), 72 Ohio St.3d 202,203-204, 648 N.E.2d 821. The assignment of error is overruled.
{¶ 5} Therefore, the judgment of the trial court is affirmed.
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 Hildebrandt, P.J., Gorman and Painter, JJ.
[1] Moreover, the trial court reached its decision to overrule the objections and to adopt the magistrate's findings and conclusions relying only upon transcribed excerpts of the proceedings attached to Klosterman's written objections. Without a complete transcript of the hearing conducted by the magistrate, the trial court had nothing to examine when considering Klosterman's objections and was obliged to presume the correctness of the magistrate's factual findings. See Civ.R. 53(E)(3)(b); see, also, Helton v. Helton (1994), 102 Ohio App.3d 733,658 N.E.2d 1.