DECISION.
{¶ 1} The plaintiff-appellant, Raymond Hughes, appeals from the order of the trial court adjudicating him delinquent on the charge of gross sexual imposition, a violation of R.C. 2907.05. On appeal, he alleges three assignments of error: (1) that the adjudication was not supported by sufficient evidence; (2) that the adjudication was contrary to the manifest weight of the evidence, and (3) that the trial court improperly shifted the burden to him to prove his innocence. Because of the failure of Hughes's counsel to properly preserve the alleged errors and perfect the record on appeal, there is nothing to support the assignments concerning the weight and sufficiency of the evidence. Because the alleged error concerning the shifting of the burden of proof appears on the face of the magistrate's decision, we are able to review this assignment, but we cannot validate it on the extremely limited record before us. Therefore, we affirm.
{¶ 2} The allegations against Hughes arose from his relationship with a restaurant co-worker, a teenage female, with whom he apparently had been engaged in an ongoing consensual sexual relationship while on the job. At some point, according to the female, she withdrew her consent. Originally the charges included rape and abduction, violations of R.C. 2907.02 and R.C. 2905.02, respectively. The magistrate dismissed the more serious charges. However, with respect to the sexual-imposition charge, the magistrate found that on September 23, 2001, Hughes "forcibly without consent" put his hands underneath the co-worker's shirt and bra, touching her breasts for the purpose of sexual gratification. The magistrate stated, "Although [the victim] did not tell any one about this incident until November, the court heard no contradicting testimony. [The victim] indicated that she did not report this incident to the manager nor [sic] her friends as she was ashamed and thought others would make fun of her."
{¶ 3} Counsel for Hughes filed objections to the magistrate's decision pursuant to Juv.R. 40(E)(3)(a). Counsel's primary objection was that the magistrate's statement that "the court heard no contradicting testimony" — along with the absence of any statement that the magistrate found the victim's testimony otherwise credible — demonstrated that the magistrate had improperly shifted the burden of proof to Hughes to prove his innocence.
{¶ 4} An entry dated December 21, 2001, indicated that the case was continued for disposition "and for transcript preparation and for oral argument" until January 11, 2002. Another entry indicated that Hughes's motion for release pending a ruling on the objections was denied, and that the case was then continued for disposition until February 1, 2002. At the February hearing, however, counsel for Hughes did not submit a transcript and withdrew his objections to the report of the magistrate. The trial court thus adopted the magistrate's decision as the judgment of the court. Hughes was committed to the permanent custody of the Ohio Department of Youth Services, but the commitment was suspended on the condition that he obey all laws and orders of the court. Hughes was sent to the Hillcrest School. The judgment also stated that Hughes was to "contact the Public Defender's office to arrange for payment of the transcript completed by the Court reporter but unpaid."[1]
{¶ 5} Notwithstanding counsel's withdrawal of the objections to the magistrate's decision, Hughes has appealed the trial court's judgment.
{¶ 6} Hughes's assignments of error challenging the weight and sufficiency of the evidence cannot be sustained on three separate procedural grounds, any of which is dispositive. First, counsel for Hughes did not provide the trial court with a transcript of the proceedings, thus depriving it of any evidentiary basis to disagree with the magistrate's factual findings. See Civ.R. 53(E)(3)(b) and Juv.R. 40(E)(3)(b); Helton v. Helton (1994), 102 Ohio App.3d 733, 658 N.E.2d 1. Second, counsel withdrew his objections to the magistrate's decision, thus affirmatively waiving any objection to the findings. Id.; see, also, In re Welch Children (May 1, 2002), 1st Dist. No.C-02006. Finally, without any transcript before this court, we have no basis to question the magistrate's decision even if there may be some undemonstrated reason to do so. See State v. Ishmael (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, syllabus.
{¶ 7} Hughes's second and third assignments of error are, thus, overruled, and we turn to his first, the only assignment that is possible to review on the trial court's record. Hughes's argument is that, by language on the face of the magistrate's decision, it is clear that she shifted the burden to him to demonstrate his innocence. The language upon which this argument rests is the magistrate's statement that she heard "no contradicting testimony" as to the alleged act of sexual imposition. From this, Hughes argues, it is clear that the magistrate did not independently assess the testimony, but credited it perfunctorily. Hughes also argues that it is inconsistent for the magistrate to have rejected the victim's testimony regarding the more serious charges, and yet to have found her credible on the less serious charge.
{¶ 8} Initially, we note that we are able to review this assignment on two separate grounds. First, amended Juv.R. 40(E)(4)(a) and Civ.R. 53(D)(4(a) provide that the trial court must undertake an independent examination of the magistrate's decision, even if no objections are filed, for errors of law or other defects "on the face of the magistrate's decision." Further, this court has previously held that, when the alleged error is of sufficient constitutional magnitude, we may apply the plain-error doctrine to overcome the principle of waiver in a juvenile case. In re Etter (1998), 134 Ohio App.3d 484,731 N.E.2d 694.
{¶ 9} Although we are able to review this assignment, we are not persuaded that the quoted language demonstrates convincingly that the magistrate imposed the burden on Hughes to prove his innocence. While one may read the language that way, one may also read it to mean that the magistrate found nothing inherently "contradicting" in the testimony and thus found it credible. This interpretation is bolstered by the following sentence in the magistrate's decision: "[The victim] indicated that she did not report this incident to the manager nor [sic] her friends as she was ashamed and thought others would make fun of her." This sentence, which seems clearly designed to offer further support for the victim's testimony, would have been superfluous if the magistrate had simply accepted the testimony solely because it was uncontradicted.
{¶ 10} As for Hughes's argument that the magistrate's acted inconsistently by finding the victim credible on the lesser charge and not on the two more serious charges, this is an argument that has more to do with the weight of the evidence than any alleged shifting of the burden. As we have noted, Hughes failed to preserve any evidentiary issues when his counsel failed to proffer a transcript of the proceedings before the magistrate to the trial court, and when counsel then withdrew his objections to the magistrate's decision. Without a transcript of the evidence before the magistrate, neither the trial court nor this court have been presented with a record to demonstrate that the trial court erred by crediting the victim's testimony on the sexual-imposition charge. It is well settled that a trier of fact may reject a witness's testimony in whole or in part, so there was no basis in law that precluded the magistrate from crediting the victim on the one charge and not on the others. Given the limited record upon which we are asked to decide this issue, we cannot say that Hughes has demonstrated the error of which he complains.
{¶ 11} Hughes's first, second, and third assignments of error are overruled. Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
DOAN, P.J., HILDEBRANDT and GORMAN, JJ.
[1] Hughes has also appealed the January 11, 2002, order of the trial court denying him either an appeal bond or a stay of execution. This appeal, numbered C-020035, has been consolidated with the appeal of the trial court's February 1, 2002, order adopting the magistrate's decision, which is numbered C-020035.