DECISION *Page 2 
{¶ 1} Plaintiff-appellant, Stephan Business Enterprises, Inc., filed an eviction complaint against defendant-appellee, Lamar Outdoor Advertising of Cincinnati. The complaint alleged that Lamar had breached a lease agreement and asked the court to order Lamar to remove a billboard it had placed on Stephan's property. The trial court granted judgment in favor of Lamar and dismissed the complaint. Stephan has filed a timely appeal. We find no merit in its three assignments of error, and we affirm the trial court's judgment.
 {¶ 2} The record shows that, at the time the complaint was filed, Stephan owned property located on Madison Road in Cincinnati, Ohio. The previous owner, Howard Schwartz, had entered into a lease agreement with Foster Kleiser, which later assigned its rights to Lamar. Stephan bought the property subject to the terms of the lease, with eight years left on the lease term.
 {¶ 3} The lease allowed Lamar's predecessor, and subsequently Lamar, (collectively "Lamar") to erect and maintain a billboard on the property. For consideration, the lease provided the following in an addendum: "In lieu of rent Foster and Kleiser will provide two 400 watt metal halide light fixtures per panel. Lessee will place the light fixtures at 6406 Madison Rd. according to Lessor directions. These light fixtures will be connected to Lessee's electric meters and completed and maintained at Lessee's expense. Said lights will be kept on as to the needs of the Lessor."
 {¶ 4} Lamar maintained the billboard and two light fixtures on the property for over 20 years without any complaint from Schwartz. One light shined toward the *Page 3 
billboard and one shined toward the ground, in accordance with Schwarz's instructions. Schwartz would notify Lamar if one of the lights was not functioning, and Lamar would send its employees within a short time to inspect and repair the fixture. This was the regular procedure for all of Lamar's billboards in the Cincinnati region.
 {¶ 5} Three days after Stephan had acquired the property, Don Stephan, Stephan's sole shareholder, sent a letter to Lamar, claiming that it had not complied with the lease terms. The parties discussed Stephan's concerns and attempted to negotiate a new lease. Eventually, Stephan sent Lamar a notice to leave the premises, stating that Lamar had "failed to keep lit two 400 watt metal halide light fixtures per panel[,]" as the lease required.
 {¶ 6} After hearing the evidence, a magistrate found that Lamar was "not in violation of the lease. They are providing adequate lighting." The trial court overruled Stephan's objections and adopted the magistrate's decision.
 {¶ 7} We address Stephan's assignments of error out of order. In its third assignment of error, it contends that the trial court erred in admitting statements made during negotiations to resolve a disputed matter in violation of Evid.R. 408. He contends that evidence about conversations made during negotiations should not have been allowed into evidence.
 {¶ 8} Evid.R. 408 states that evidence of compromise or offers of compromise are inadmissible "to prove liability for or invalidity of the claim or its amount." We agree that some of the evidence admitted at the hearing violated that *Page 4 
rule.[1] Nevertheless, we cannot hold that the admission of the offending evidence warrants a reversal in this case.
 {¶ 9} First, the record does not show that the trial court considered that evidence in making its decision, even though the magistrate allowed it into evidence. We must presume that the court relied only upon relevant, competent evidence since the record contains no indication to the contrary.[2]
 {¶ 10} Second, even if we do not consider the improperly admitted evidence, the outcome of the case is the same. We hold that any error in the admission of the evidence was harmless because it did not affect Stephan's substantial rights and the court's action was "not inconsistent with substantial justice."[3] Consequently, we overrule Stephan's third assignment of error.
 {¶ 11} In its first assignment of error, Stephan states that the trial court's dismissal of his complaint "was against the manifest weight and the sufficiency of the evidence." In his second assignment of error, he contends that the trial court's dismissal of his complaint was contrary to law. These assignments of error are not well taken.
 {¶ 12} We begin by discussing our standard of review. Lamar argues that an appellate court should not reverse a trial court's decision to adopt a magistrate's report absent an abuse of discretion. While this proposition is generally true, it applies to factual issues and the application of the law to the facts of the case.[4] *Page 5 
 {¶ 13} But a lease is a contract to be interpreted like any other contract.[5] The interpretation of a contract is, in the first instance, an issue of law that an appellate court reviews de novo.[6]
Referral to a magistrate should not circumvent an appellate court's de-novo review.[7]
 {¶ 14} If a contract is clear and unambiguous, a court need not go beyond the plain language of the agreement to determine the rights and obligations of the parties.[8] "Where no ambiguity exists, the trial court may not construe, clarify or interpret the parties' agreement to mean anything outside of that which it specifically states."[9]
 {¶ 15} In our view, the contract language in this case is clear and unambiguous. Lamar was to provide two lights to be placed at Schwartz's and later Stephan's direction. It was to maintain those lights and keep them on as "to the needs of the Lessor." This language requires no clarification or interpretation.
 {¶ 16} The question becomes, then, whether Lamar breached the contract. To show a breach of contract, the plaintiff must demonstrate by a preponderance of the evidence (1) that a contract existed, (2) that the plaintiff fulfilled his obligations, (3) that the defendant failed to fulfill his obligations, and (4) that damages resulted from that failure.[10] Where the facts are undisputed and the only question to be *Page 6 
resolved is whether a breach of contract occurred, a question of law exists for the court to decide. But where a dispute exists as to whether the parties satisfied the terms of the contract, a question of fact exists.[11]
 {¶ 17} Stephan first contends that Lamar breached the contract because it only provided one light. It argues that because one of the lights shined on the billboard, only one shined on his property. But it was undisputed that this arrangement had been directed by Schwartz, the previous property owner. Stephan never provided other directions. While it complained that only one light shined on its property, it never asked for another light. Instead, it only sought to negotiate a new lease. Thus, the record shows that Lamar provided two lights and placed them as it had been directed by the previous owner. Thus, it had fulfilled its obligation under the terms of the contract.
 {¶ 18} Stephan also contends that the evidence showed that the one light that shined on its property was out for approximately two months. But it never notified Lamar that the light was not working. It claimed that Lamar had a duty to provide the light, but that it had no duty to notify Lamar. We disagree.
 {¶ 19} Every contract contains an implied duty of good faith and fair dealing.[12] That duty implies "honesty and reasonableness in enforcement of a contract"[13] and "faithfulness to an agreed common purpose and consistency with the justified expectations of the other party."[14]
 {¶ 20} If the provision of light was paramount to the parties, the duty of good faith required Stephan to notify Lamar that the light was not working. In fact, *Page 7 
upon being notified that the light was out after the filing of Stephan's complaint, Lamar fixed it within a reasonable time.
 {¶ 21} Stephan should not have been able to do nothing and claim that Lamar had breached the contract when it did not know or have reason to know that the light was not working. Even with the improper evidence of negotiations put aside, Stephan's own letter to Lamar showed that it did not act in good faith. The provision of light was not its paramount concern. Instead, it sought to negotiate a new lease.
 {¶ 22} Under the circumstances, we hold as a matter of law that Lamar did not breach the unambiguous terms of the lease agreement. Consequently, the trial court did not err in granting judgment in its favor. We overrule Stephan's first and second assignments of error and affirm the trial court's judgment.
Judgment affirmed. PAINTER, P.J., and HENDON, J., concur.
[1] See Toledo v. Bernard Ross Family Ltd. Partnership,165 Ohio App.3d 557, 2006-Ohio-117, 847 N.E.2d 466, ¶ 35-64; Fetters v. St.Francis/St. George Hosp., Inc. (Mar. 17, 2000), 1st Dist. No. C-990410.
[2] State v. Frazier, 115 Ohio St.3d 139, 2007-Ohio-5048,873 N.E.2d 1263, ¶ 214; Parrish v. Machlan (1997), 131 Ohio App.3d 291, 297,722 N.E.2d 529.
[3] O'Brien v. Angley (1980), 63 Ohio St.2d 159, 164, 407 N.E.2d 490;Hofmeier v. Cincinnati Inst. of Plastic Reconstructive Surgery,Inc., 1st Dist. No. C-000274, 2002-Ohio-188, ¶ 13.
[4] See In re Estate of Knowlton, 1st Dist. No. C-050728,2006-Ohio-4905, ¶ 43; Helton v. Helton (1994), 102 Ohio App.3d 733,736-737, 658 N.E.2d 1.
[5] Hartley v. Brown Publishing Co., 12th Dist. No. CA2005-03-009,2006-Ohio-999, ¶ 15; Cincinnati Metropolitan Housing Auth. v.Browning, 1st Dist. No. C-010055, 2002-Ohio-190, ¶ 27.
[6] Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm,73 Ohio St.3d 107, 108, 1995-Ohio-214, 652 N.E.2d 684; Aultman Hosp. Assn. v.Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920;M.G.A., Inc. v. Amelia Station, Ltd., 1st Dist. No. C-010606, 2002-Ohio-5091, ¶ 9; Hartley, supra, at ¶ 16.
[7] D.A.N. Joint Venture III, L.P. v. Armstrong, 11th Dist. No. 2006-L-089, 2007-Ohio-898, ¶ 24-25; Long v. Noah's Lost Ark, Inc.,158 Ohio App.3d 206, 2004-Ohio-4155, 814 N.E.2d 555, ¶ 17-18.
[8] Aultman Hosp. Assn., supra, at 53, 544 N.E.2d 920; M.G.A.,Inc., supra.
[9] Blazic v. Blazic, 1st Dist. Nos. C-040414 and C-040440,2005-Ohio-4417, ¶ 14, quoting Pavlich v. Pavlich, 9th Dist. No. 22357,2005-Ohio-3305, ¶ 7.
[10] Blake Homes, Ltd. v. FirstEnergy Corp., 173 Ohio App.3d 230,2007-Ohio-4606, 877 N.E.2d 1041, ¶ 77; Farmers Market Drive-In ShoppingCtrs., Inc. v. Magana, 10th Dist. No. 06AP-532, 2007-Ohio-2653, ¶31.
[11] Blake Homes, supra, at ¶ 77; Farmers Market, supra, at ¶ 32.
[12] O'Brien v. Ravenswood Apts., Ltd., 169 Ohio App.3d 233,2006-Ohio-5264, 862 N.E.2d 549, ¶ 36; Littlejohn v. Parrish,163 Ohio App.3d 456, 2005-Ohio-4850, 839 N.E.2d 49, ¶ 27.
[13] O'Brien, supra, at ¶ 36.
[14] Littlejohn, supra, at ¶ 26. *Page 1