[Cite as *Wintrow v. Baxter-Wintrow*, 2013-Ohio-919.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DON WINTROW

    Appellee

    v.

TRACIE BAXTER-WINTROW

    Appellant

C.A. No.    26439

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2005-09-3383

DECISION AND JOURNAL ENTRY

Dated: March 13, 2013

CARR, Judge.

{¶1} Appellant Tracie Baxter-Wintrow appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses and remands.

I.

{¶2} Don Wintrow and Tracie Baxter-Wintrow were divorced in 2007. Don was named as the residential parent and legal custodian of the parties' two children, and Tracie was granted supervised visitation for three hours every Sunday. Soon thereafter, Tracie began periodically filing motions to reallocate parental rights and responsibilities, to modify visitation, and to hold Don in contempt.

{¶3} In February 2011, Tracie again filed a motion to modify visitation. In May 2011, the magistrate noted that the parties reached an agreement during the April 19, 2011 hearing on the motion, and that a further evidentiary hearing would be held in August 2011. After the August hearing, the magistrate issued a decision in which he increased Tracie's parenting time,

ordering visitation every Wednesday at 3:00 p.m. until Thursday morning and on alternate weekends from 3:00 p.m. Friday until Monday morning. Don objected to the additional overnight visits on Wednesdays and Sundays.

{¶4} The trial court sustained Don's objections and reduced Tracie's parenting time to alternate Wednesdays from after school until 8:00 p.m. and alternate weekends from after school on Friday until 6:00 p.m. on Sunday. Three days later, Tracie filed a motion to modify visitation, which included a notice that the matter would be heard on January 9, 2012. She also filed a motion for temporary orders and a motion to adopt a shared parenting plan that she appended to the motion. She submitted documentary evidence, including affidavits, in support of her motion for temporary orders. On December 9, 2011, the domestic relations court judge issued an order denying Tracie's motion for temporary orders, but noted that her motion to modify visitation would be heard by the magistrate on January 9, 2012. The order did not mention Tracie's pending motion to adopt a shared parenting plan. On December 13, 2011, Don filed a brief in opposition to Tracie's motion to modify parenting time and a motion for sanctions against Tracie based on her alleged frivolous filings. Don argued that Tracie filed her motions a mere three days after the trial court sustained his objections and reduced Tracie's parenting time. He further argued that Tracie could not demonstrate a change of circumstances during that three-day period necessary to support a modification of parenting time.

{¶5} On January 9, 2012, the parties appeared before the magistrate for the hearing scheduled on Tracie's motions to modify parenting time and to adopt a shared parenting plan. At the hearing, however, the magistrate seemed resistant to considering the issues before him. The magistrate noted his long history with Tracie and his desire to act cautiously. He further alternated between informing the parties that Tracie did not have to show a change in

circumstances and that she did have to show a change in circumstances. Moreover, the magistrate informed Tracie that he had already ordered the parenting time she was requesting, so there was nothing more to be done. When she reminded him that the trial court had sustained Don's objections and reduced her visitation, the magistrate conceded that the judge modified the parenting time orders he had made. The magistrate then informed Tracie that he was not willing to enter new orders in the belief that the judge had already resolved the issue. After it appeared that the magistrate would not be considering Tracie's pending motions, Don's attorney asserted on the record that they were noticed for a hearing on those motions and asked when they would be heard. The magistrate then explained to Tracie the difference between shared parenting ("a concept based on a plan") and equal parenting time ("a schedule"), and informed her that she had already received the modification of visitation that she requested even though the judge later denied her request. He cautioned Tracie that she could not continue to file motions merely because she did not get the result she wanted. Don's attorney again asserted on the record that the parties had received notice that Tracie's motion for modification of parenting time would be heard that day. Nevertheless, the magistrate asserted that after the judge issued his ruling on Don's objections in December 2011 (three days before Tracie filed the instant motions), all parenting time issues were fully resolved. Don's attorney then asked the magistrate about a motion for sanctions against Tracie that the court directed her to file in lieu of a previously filed motion for attorney fees. The transcript of the proceedings ends in mid-sentence during Don's attorney's inquiry.

{¶6} On January 31, 2012, the magistrate issued a decision purportedly "[b]ased upon the testimony, evidence, and statements of counsel" during November 4, 2011, and January 19, 2012 hearings on Tracie's motions for contempt (filed August 25, 2011, and based on

interference with visitation) and to modify parenting time (filed December 5, 2011). Although the contempt motion was noticed for hearing on November 4, 2011, there is no transcript of those proceedings in the record. In regard to that motion, the magistrate found that Tracie filed the contempt motion while Don's objections to the order she sought to have enforced were pending. The record indicates, however, that Tracie filed the contempt motion four weeks before the magistrate issued his decision in which he increased her parenting time and five weeks before Don filed his objections. Moreover, after Don filed his objections, the judge granted Tracie's motion for an interim order maintaining parenting time as ordered by the magistrate pending ruling on the objections.

{¶7} In addressing Tracie's motion to modify parenting time, the magistrate found that, because Tracie filed her motion a few days after the trial court sustained Don's objections and reduced Tracie's parenting time, "[n]ot enough time has passed to see how the current orders work out and *to even consider [Tracie's] motion as filed would be an open invitation for any litigant to file a new motion every time that party received an adverse ruling*." (Emphasis added). The magistrate then inexplicably denied all of Don's outstanding motions and taxed costs to Don. The same day, the domestic relations court adopted the magistrate's decision and, presumably correcting a typographical error, ordered that all of Tracie's outstanding motions were denied, although the judge also taxed costs to Don.

{¶8} Tracie filed timely objections to the magistrate's decision in which she argued, in part, that she was denied due process when she was prevented from presenting evidence in support of her motions. Don did not respond to Tracie's objections. In ruling on the objections, the trial court found that the magistrate's decision was supported by the record and it, therefore, denied Tracie's motions. Tracie filed a timely appeal in which she raises five assignments of

error for our review. We address the third and fifth assignments of error first as they implicate the same issue and are dispositive of the appeal.

II.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED BY DENYING [TRACIE] DUE PROCESS OF LAW BY FAILING TO CONDUCT AN IN CAMERA INTERVIEW AND BY REFUSING TO ALLOW HER AN OPPORTUNITY TO PRESENT EVIDENCE AND TESTIMONY.

**ASSIGNMENT OF ERROR V**

THE TRIAL COURT ERRED BY FAILING TO CONSIDER [TRACIE'S] MOTION TO ADOPT A SHARED PARENTING PLAN.

{¶9} Tracie argues that the trial court denied her due process by refusing to allow her to present any evidence at the hearing on January 9, 2012, regarding her motion to modify parenting time and her motion to adopt a shared parenting plan. This Court agrees.

{¶10} This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. No. 24150, 2008-Ohio-5232, ¶ 9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. Trial courts have broad discretion in their allocation of parental rights and responsibilities. *Graves v. Graves*, 9th Dist. No. 3242-M, 2002-Ohio-3740, ¶ 31, citing *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). "[A] trial court's determination in custody matters 'should be accorded the utmost respect' because '[t]he knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record.'" *Baxter v. Baxter*, 9th Dist. No. 10CA009927, 2011-Ohio-4034, ¶ 6, quoting *Miller* at 74. Accordingly, "[c]ustody determinations will not be reversed on appeal absent an abuse of

discretion." *Baxter* at ¶ 6. An abuse of discretion implies that "the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} If, however, the issue implicates an issue of law, this Court reviews those matters de novo. This Court recognizes that whether the trial court has complied with due process mandates implicates an issue of law that we review de novo. *Butler v. Butler*, 9th Dist. No. 22087, 2004-Ohio-7164, ¶ 10-11.

{¶12} Even in the context of domestic relations matters:

"Due process of law involves the essential rights of notice, hearing and the opportunity to be heard before a competent tribunal. *State v. Edwards*, 157 Ohio St. 175 (1952). 'Due course of law' as guaranteed by Section 16, Article I of the Ohio Constitution is virtually the same as the 'due process' clause of the Fourteenth Amendment, United States Constitution. *In re Hua*, 62 Ohio St.2d 227 (1980)."

*Yousif-Thacker v. Yousif*, 9th Dist. No. 00CA007562, 2001 WL 22257 (Jan. 10, 2001).

{¶13} In this case, Tracie filed a motion to modify parenting time and a motion to adopt a shared parenting plan. She used a form motion which included a notice of hearing provision. She obtained a hearing date and time for her motions. In the interim, she sought temporary orders until her motions could be heard. Although the trial court denied her motion for temporary orders, it noted that her motions remained pending and would be heard by the magistrate on January 9, 2012. All parties appeared before the magistrate on the scheduled date and time for a hearing on the motions to modify parenting time and to adopt a shared parenting plan. Nevertheless, the magistrate evaded consideration of Tracie's motions. The magistrate first asserted that Tracie had already been accorded the relief she sought, so there was nothing more for the court to do. When he was reminded that the trial court rejected the magistrate's decision and modified the parenting time order, he declined to consider Tracie's instant pending

motion to modify based upon his understanding that the judge had fully resolved the issue of parenting time. The trial court, however, more recently ordered that Tracie's motion would be heard on January 9, 2012. Most significant, however, was the magistrate's "finding of fact" in his decision that not enough time had passed for him "to even consider [Tracie's] motion * * *." Therefore, without hearing any evidence, he denied all of her outstanding motions.

**{¶14}** In addressing Tracie's objections, the trial court concluded that the record supported the magistrate's decision. However, the record clearly demonstrates that the parties were noticed for a hearing on Tracie's motions and that the domestic relations court judge later reiterated that her motions would be heard by the magistrate on January 9, 2012. The transcript of the hearing on January 9, 2012, indicates that the magistrate misunderstand the procedural posture of the case and did not  hear any evidence relating to Tracie's motion to modify her parenting time or her motion to adopt a shared parenting plan. Moreover, the magistrate admitted in his decision that he did not consider the merits of Tracie's motions for fear that such consideration would encourage other litigants to file renewed motions every time they received adverse rulings.

**{¶15}** Because of on-going changes in family dynamics, domestic relations cases are frequently subjected to post-decree motions. The case law is well developed regarding the facts a movant must prove in order to obtain a modification of orders relating to issues involving custody, visitation, and child support. The mere filing of a motion to modify does not guarantee success, but it does entitle the movant to the opportunity to be heard. Tracie was deprived of that opportunity when the trial court did not consider the merits of her motions. In this case, because Tracie was accorded no opportunity to be heard on her motions scheduled for hearing, the trial

court erred when it denied, and in fact dismissed, her outstanding motions. Tracie's third and fifth assignments of error are sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO CONSIDER THE FACTORS IN R.C. 3109.051(D) BEFORE RULING ON [TRACIE'S] MOTION TO MODIFY PARENTING TIME.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO CONDUCT AN INDEPENDENT REVIEW OF THE MAGISTRATE'S DECISION.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY FAILING TO FOLLOW LOC. D.R.R. 14.03 TO [TRACIE'S] PREJUDICE.

{¶16} Because our resolution of the third and fifth assignments of error is dispositive, the remaining assignments of error have been rendered moot and we decline to address them. *See* App.R. 12(A)(1)(c).

### III.

{¶17} Tracie's third and fifth assignments of error are sustained. This Court declines to address the remaining assignments of error. This matter is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
CONCURRING.

{¶18} This case highlights the challenges that arise when parties undertake to advocate for themselves pro se. In order to assist pro se litigants, form motions are available that allow pro se litigants to file motions. These forms contain boxes that can be checked for identifying the purpose of the motion. The form also contains a "notice of hearing" section. Pro se litigants do not set forth any arguments concerning the merits of the motions. Thus, a trial court must necessarily conduct a hearing on pro se motions given that it is impossible to decide the merits of these motions on their face and the form itself contains a provision for a hearing. In this case,

Ms. Wintrow filed a form motion to modify. She also filed a motion for shared parenting, which is substantively different from the modification motion because such a motion seeks an allocation of parental rights as opposed to only a modification of existing companionship. The matters were properly scheduled for a hearing, and, under the circumstances, I agree that a hearing on the merits should have occurred.

APPEARANCES:

SUSAN K. PRITCHARD, Attorney at Law, for Appellant.

HEATHER R. JOHNSTON, Attorney at Law, for Appellee.