[Cite as *Harbaugh v. Harbaugh*, 2022-Ohio-2085.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | | |
|---|---|---|
| ERNEST E. HARBAUGH | | C.A. No.  21CA0041-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEBORAH J. HARBAUGH | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.  03DR0245 |

DECISION AND JOURNAL ENTRY

Dated: June 21, 2022

---

HENSAL, Judge.

**{¶1}** Deborah Harbaugh appeals a judgment entry of the Medina County Court of Common Pleas, Domestic Relations Division that denied her motion to appoint trustee and terminated a constructive trust it had imposed. For the following reasons, this Court affirms.

I.

**{¶2}** Ms. Harbaugh and Ernest Harbaugh divorced in 2004. Following the divorce, Wife discovered that Husband had fraudulently transferred a property in Noble County to their son. The trial court subsequently vacated the divorce decree and ordered Son to hold the Noble County property as a constructive trust for the sole and exclusive benefit of Husband and Wife.

**{¶3}** The parties eventually agreed to a journal entry of divorce. Son was also a party to the agreed journal entry. Under its terms, Wife received a property on Poe Road. Although the property was encumbered with a mortgage, Husband agreed to clear the property of all liens and

encumbrances within 45 days. Son promised to cooperate with Husband and to use the equity in the Noble County property to assist in paying off the indebtedness.

{¶4} According to Son, he contacted multiple banks about obtaining an equity loan. Because the Noble County property only has a log cabin on it, none of the banks were willing to allow him to borrow against its entire equity. He secured the biggest loan he could and offered the proceeds to Wife, who declined because the amount was not enough to cover the full indebtedness on the Poe Road property. Wife, instead, moved for an order to appoint her trustee of the Noble County property so that she could sell the property and access its entire value.

{¶5} Proceedings on Wife's motion were postponed for many years because of bankruptcy actions filed by Husband. In the meantime, because the mortgage on the Poe Road property was not cleared, the property was foreclosed on and sold at a sheriff's sale. After hearing Wife's motion, the trial court determined that Son had satisfied his obligation under the agreed journal entry, which was only to cooperate and assist Husband in clearing the encumbrances on the Poe Road property. Because Son's obligations were satisfied, there was no longer a reason to maintain the constructive trust, so the court released the Noble County property from the trust and dissolved the trust. Wife has appealed, assigning two errors.

## II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DETERMINING THAT THE THIRD-PARTY DEFENDANT, ERNEST S. HARBAUGH ("THE SON") HAD FULFILLED HIS OBLIGATION UNDER THE PARTIES' DIVORCE DECREE.

{¶6} In her first assignment of error, Wife argues that the trial court incorrectly determined that Son satisfied his obligations under the agreed journal entry. She notes that the journal entry required him to "us[e] the equity in the Noble County property in assisting to pay off

the indebtedness on the Poe Road property * * *." According to Wife, that language establishes that Son must use all the equity in the property, not only the part that he could borrow against. She notes that the constructive trust required him to use the property for the sole and exclusive benefit of her and Husband. She also argues that she has only sought what she was entitled to under the journal entry. Because of Husband's bankruptcy actions, she has been unable to recover anything from him, leaving the equity in the Noble County property her only recourse. The trial court's judgment entry instead gives that equity to Son, even though none of it should belong to him.

{¶7} "[A]n agreed judgment entry is treated as a contract[.]" *Wallick Props. Midwest, LLC v. Jama*, 10th Dist. Franklin No. 20AP-299, 2021-Ohio-2830, ¶ 11. If "the facts are undisputed and the only question to be resolved is whether a breach of contract occurred, a question of law exists for the court to decide." *Stephan Business Ents., Inc. v. Lamar Outdoor Advertising Co.*, 1st Dist. Hamilton No. C-070373, 2008-Ohio-954, ¶ 16. If "a dispute exists as to whether the parties satisfied the terms of the contract," however, "a question of fact exists." *Id*.

{¶8} After the fraud was discovered, the trial court imposed a constructive trust over the Noble County property. The parties then entered into an agreement about how to move forward. In that agreement, Husband agreed to clear the Poe Road property of all liens and encumbrances. Son promised to "cooperate" with Husband "in using the equity in the Noble County property in assisting to pay off the indebtedness in the Poe Road property in satisfaction of this provision."

{¶9} The trial court determined that the agreed journal entry did not obligate Son to satisfy all the encumbrances on the Poe Road property. That responsibility was on Husband. It found that the equity loan that Son obtained would have made a substantial reduction in the indebtedness and would have allowed Wife to stay in the property longer. It also found that Son made another offer to Wife later, which was that, in exchange for taking title to the Poe Road

property, he would allow her to live at the property for the remainder of her life. Wife, however, declined that offer as well. The court also found that Son was the only one who took any action to try to remove the encumbrances on the Poe Road property.

{¶10} Son's agreement to assist Husband in satisfying the indebtedness by using the equity in the Noble County property was not an agreement to sell the property. According to Son, who the trial court found credible, the banks explained to him that, because the Noble County property was underimproved, they would be unable to sell the loan to Fannie Mae. Hence, they were unwilling to approve a loan for all the equity in the property. Son proceeded to take out the largest loan they would approve and offered the funds to Wife, who rejected them. Upon review of the record, we conclude that the trial court's determination that Son satisfied his obligation under the agreed journal entry is supported by competent, credible evidence. *See Wallace v. Wallace*, 195 Ohio App.3d 314, 2011-Ohio-4487, ¶ 10 (9th Dist.) ("[T]his court reviews the record to determine whether there is competent, credible evidence to support the trial court's factual findings."). Wife's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE COURT ERRED BY VIOLATING THE APPELLANT, DEBORAH J. HARBAUGH'S ("DEBORAH") RIGHT TO DUE PROCESS OF LAW BY TERMINATING THE CONSTRUCTIVE TRUST IMPOSED UPON THE NOBLE COUNTY PROPERTY.

{¶11} In her second assignment of error, Wife argues that the trial court violated her due process rights when it terminated the constructive trust in its judgment entry even though there was no motion on that issue before the court. "[P]arties are entitled to reasonable notice of judicial proceedings and a reasonable opportunity to be heard." *Knapp v. Husa*, 9th Dist. Medina No. 20CA0019-M, 2020-Ohio-6987, ¶ 21, quoting *Amir v. Werner*, 9th Dist. Summit No. 26174, 2012-

Ohio-5863, ¶ 9. This Court reviews whether the trial court complied with due process mandates de novo. *Wintrow v. Baxter-Wintrow*, 9th Dist. Summit No. 26439, 2013-Ohio-919, ¶ 11.

{¶12} Wife argues that the only motion that was before the court was her motion to appoint her trustee of the property so she could sell it and access its entire value. She argues that no one requested that the court terminate the trust, depriving her of a meaningful opportunity to be heard on the issue. Wife also argues that, even if the trial court correctly found that Son satisfied his obligation under the agreed journal entry, it did not follow that the constructive trust needed to be terminated. According to Wife, she currently has a separate lawsuit against Son for breach of his fiduciary duties as constructive trustee, which she will be unable to proceed with if the trust is terminated.

{¶13} When the trial court created the constructive trust, it ordered Son to hold the parcel, as constructive trustee, until further order of the court. At the beginning of the hearing on Wife's motion, Son argued to the court that he had been ordered to assist Husband in paying off the mortgage, that he had used the equity in the Noble County property to assist, and that Wife had turned down two different offers of assistance from him. He, therefore, asserted that Wife's motion should be denied, that the matter should be dismissed, and that he "should be done." Because Son had been ordered to hold the Noble County property in trust for his parents, his request to be "done" could be construed as a motion to terminate the trust.

{¶14} Wife's motion also directly implicated the trust. Wife requested that she replace Son as trustee of the trust. In considering Wife's motion, the court had to review the purpose of the trust and whether Son was properly administrating it. On review, the court determined that the trust's purpose had ended because Son no longer owed any financial obligations to Wife. Upon

review of the record, we conclude that the trial court did not violate Wife's due process rights when it dissolved the constructive trust. Wife's second assignment of error is overruled.

### III.

{¶15} Wife's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
SUTTON, J.

CONCUR.

APPEARANCES:

STEVE C. BAILEY, Attorney at Law, for Appellant.

J. DOUGLAS DRUSHAL, Attorney at Law, for Appellee.

L. RAY JONES, Attorney at Law, for Appellee.